UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

Peter M. Smith,

    Plaintiff,

    v.                                                      Civ. No. 2:14-cv-20

Richard Byrne and
Darryl Graham,

    Defendants.

## REPORT AND RECOMMENDATION
(Doc. 21)

Plaintiff Peter M. Smith, proceeding *pro se*, originally brought this action pursuant to 42 U.S.C. § 1983 against Defendants Richard Byrne and Darryl Graham who are Vermont Department of Corrections (DOC) officials. (Doc. 6.) Smith alleged that he provided information to corrections officials in exchange for Defendants' promise that Smith's identity would be kept confidential, and that Defendants released his identity, causing him to suffer abuse and fear in violation of his Eighth Amendment rights. As explained in greater detail below, the case was dismissed on March 9, 2015. (Doc. 20.) Presently before the Court is Plaintiff's Motion for Reconsideration of that dismissal. (Doc. 21.)

## Background

After the Complaint was filed in this case, the named defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 10.)

While that Motion was pending, Plaintiff Smith twice filed a Notice of Change of Address (Docs. 11, 14) pursuant to Local Rule 11(c).  The second Notice informed the Court that Plaintiff had been released from custody and was residing at an address in Burlington.  (Doc. 14.)  In a Report and Recommendation dated December 2, 2014, the undersigned Magistrate Judge concluded that Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) should be granted, and that Smith should be granted leave to file an Amended Complaint.  (Doc. 17.)  In the Report and Recommendation, it was concluded that dismissal was warranted because any official-capacity claims against Defendants were barred by the doctrine of sovereign immunity; Smith had failed to sufficiently allege Defendants' personal involvement in the claimed constitutional deprivation; no physical injury had been alleged and thus compensatory damages were barred by the Prison Litigation Reform Act; and any Eighth Amendment claim was barred by Smith's failure to sufficiently allege risk of harm or culpable intent.  (*Id.* at 5–13.)

Smith filed an Objection to the Report and Recommendation on December 29, 2014.  (Doc. 18.)  At the very end of his Objection, Plaintiff wrote that he had been reincarcerated and was now housed at the "Northern State Correctional Facility."  (*Id.* at 9.)  No address for that facility was stated in the Objection, and no Notice of Change of Address was filed.  On January 24, 2015, the Court entered an Order adopting the Report and Recommendation in full and granting Smith leave to file an amended complaint.  (Doc. 19.)  No amended complaint was filed, and Judgment was entered on March 9, 2015 dismissing the case.  (Doc. 20.)  It appears from the Notice of Electronic filings

2

which accompany the Order dismissing the case and the Judgment that each document was mailed to Plaintiff's Burlington residence.

Almost one year after the dismissal, the Court received a letter from Plaintiff dated February 29, 2016. (Doc. 21.) Therein, Smith alleges that he had "just found out" that the case had been dismissed and he "never wanted this to happen!" (*Id.*) He inquires as to what needs to be accomplished to proceed with his case. (*Id.*) Smith also asks that the Court appoint counsel to represent him in this matter. (*Id.*)

## **Analysis**

Plaintiff's February 2016 letter to the Court is appropriately construed as a Motion for Relief from a Judgment under Federal Rule of Civil Procedure 60(b). Rule 60(b) provides for relief from a final judgment, order, or proceeding for any of the reasons that follow:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)–(6).

Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's conscience that justice be done in light of all the facts. *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). To prevail on a Rule 60(b) motion, a movant must establish that one of the criteria set forth in the rule

3

applies.  *Word v. Croce*, No. 00 CIV. 6496(SAS), 2001 WL 755394, at *3 (S.D.N.Y. July 5, 2001).  Rule 60(b) is "extraordinary judicial relief" and can be granted "only upon a showing of exceptional circumstances."  *Nemaizer*, 793 F.2d at 61 (citing *Ben Sager Chems. Int'l Inc. v. E. Targosz & Co.*, 560 F.2d 805, 809 (7th Cir. 1977)).  For these reasons, motions for relief from judgment under Rule 60(b) are generally disfavored in the Second Circuit.  *Empresa Cubana Del Tabaco v. Gen. Cigar Co.*, 385 F. App'x 29, 31 (2d Cir. 2010).

It is unclear which of the Rule 60(b) criteria Smith relies upon in advancing his Motion.  A reading of the Motion suggests that Smith relies only upon a claim of inadvertence or mistake under Rule 60(b)(1) as he asserts that he "just found out" about the dismissal.  Accordingly, the Court will not construe the claim as one under Rule 60(b)(6).  *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) ("Where a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed.").

It may very well be that Smith failed to learn of the Judgment in this matter because of his reincarceration.  However, Smith made no effort to stay informed of the litigation over an 11-month period, even though he was "responsible for following the status of his case, and . . . safeguard[ing] his own rights."  *Jedrejcic v. Croatian Olympic Comm.*, 190 F.R.D. 60, 82 (E.D.N.Y. 1999) (citation omitted); *see also Brown v. Precinct of Brooklyn*, No. 11–CV–06304 (CBA)(CLP), 2012 WL 5438926, at *2 (E.D.N.Y. Nov. 6, 2012) (stating *pro se* inmate entitled to more lenient standard but not relieved of responsibility "to stay abreast of the state of his case").  Also, Plaintiff was required to

notify the Court of any address change.  L.R. 11(c) ("An attorney or *pro se* party must notify the court of any change of address or telephone number.").  Smith's passing reference in the body of his December 29, 2014 Objection to the Report and Recommendation to his reincarceration was insufficient to put the Clerk's Office on notice of his new address.

But perhaps more fundamentally, Smith does not now point to any mistake of fact or law overlooked by the Court in the consideration of his case.  "[T]he heavy burden for securing relief from final judgments applies to *pro se* litigants as well as to those who are represented by counsel."  *See Broadway v. City of New York*, No. 96 Civ. 2798(RPP), 2003 WL 21209635, at *3 (S.D.N.Y. May 21, 2003)).  As noted above, a motion for reconsideration "is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).  "A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided."  *Maldonado v. Local 803 I.B. of T. Health & Welfare Fund*, 490 F. App'x 405, 406 (2d Cir. 2013) (citing *Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984)).  Smith's disagreement with the result of his case is simply not the type of exceptional circumstance contemplated by Rule 60(b)(1).  *See Williams v. Artus*, No. 06-CV-0356(VEB), 2008 WL 4516241, at *2 (W.D.N.Y. Oct. 2, 2008) (stating disagreement with outcome not "'exceptional circumstance' for which Rule 60(b)(1) relief is warranted").

## **Conclusion**

For the reasons set forth above, I recommend that Plaintiff's Motion for Relief from a Judgment (Doc. 21) be DENIED. I further recommend that, to the extent that Plaintiff Smith's letter is also construed as a motion for appointment of counsel, the motion be DENIED for the reasons previously stated in prior Orders. In addition, if this Report and Recommendation is adopted in full, the motion for appointment of counsel will be moot.

Dated at Burlington, in the District of Vermont, this 7th day of April, 2016.

/s/ John M. Conroy
John M. Conroy
United States Magistrate Judge

Any party may object to this Report and Recommendation within 14 days after service thereof, by filing with the Clerk of the Court and serving on the Magistrate Judge and all parties, written objections which shall specifically identify those portions of the Report and Recommendation to which objection is made and the basis for such objections. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b)(2); L.R. 72(c). Failure to timely file such objections "operates as a waiver of any further judicial review of the magistrate's decision." *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).